**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUANBIN YANG, Petitioner, v. ERIC H. HOLDER, JR., Attorney General, Respondent. | No. 11-71991 Agency No. A099-046-463 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2014[**]
Pasadena, California

Before: GILMAN,[***] GRABER, and CALLAHAN, Circuit Judges.

Petitioner Guanbin Yang seeks asylum, withholding of removal, and CAT

relief because, he claims, he suffered harm on account of his Christian religion.

We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

1.  Substantial evidence supports the Board of Immigration Appeals' ("BIA") finding that Petitioner was not credible.  See Shrestha v. Holder, 590 F.3d 1034, 1039–40 (9th Cir. 2010) (explaining standard of review for credibility findings under the REAL ID Act).  The BIA identified two examples of non-trivial inconsistent testimony, including testimony regarding why Petitioner required a friend's help to obtain a passport and whether his mother attended a home church.  Petitioner was alerted to his change in testimony and had a chance to explain the inconsistencies, but failed to do so.

2.  The immigration judge did not abuse his discretion by excluding documentary evidence offered by Petitioner.  See Vatyan v. Mukasey, 508 F.3d 1179, 1182 (9th Cir. 2007) (holding that we review for abuse of discretion a decision to exclude a document for lack of authentication).  Because the only source of authentication for the documents was Petitioner's discredited testimony, the documents were permissibly excluded.  See Lopez-Umanzor v. Gonzales, 405 F.3d 1049, 1059 (9th Cir. 2005) (stating that "a person who is deemed unbelievable as to one material fact may be disbelieved in all other respects").

In the absence of credible testimony by Petitioner, the requirements for relief have not been met.

**Petition DENIED.**